IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-137-D

| | |
|---|---|
| SONYA JONES COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On July 19, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 22]. In that M&R, Judge Numbers recommended that plaintiff's motion for judgment on the pleadings be granted [D.E. 17], defendant's motion for judgment on the pleadings be denied [D.E. 19], and that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On August 1, 2016, defendant filed objections to the M&R [D.E. 23]. On August 5, 2016, plaintiff responded to defendant's objections [D.E. 24] and filed objections to the M&R [D.E. 25]. On August 12, 2016, defendant responded to plaintiff's objections [D.E. 26].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the parties' objections. As for those portions of the M&R to which the parties made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which each party objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant's objections essentially restate the arguments made to Judge Numbers that the ALJ correctly analyzed plaintiff's mental impairments and RFC and complied with Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Compare [D.E. 23] 3–6, with [D.E. 20] 7–17. Plaintiff's objections likewise essentially restate the arguments made to Judge Numbers concerning the ALJ's analysis of plaintiff's credibility, RFC, and lifting restrictions. Compare [D.E. 25] 1–7, with [D.E. 18] 14–27.

2

The court has reviewed the objections and the record. Judge Numbers properly concluded that remand is necessary to permit the ALJ to explain how the ALJ's RFC assessment accounted for plaintiff's mild limitations in certain functional areas. See M&R 6–8. Accordingly, the court adopts the conclusions in the M&R [D.E. 22], overrules the objections, and remands the action under sentence four of 42 U.S.C. § 405(g). In doing so, the court expresses no opinion on the ultimate outcome.

In sum, defendant's objections [D.E. 23] to the M&R are OVERRULED, plaintiff's objections to the M&R are OVERRULED [D.E. 25], plaintiff's motion for judgment on the pleadings [D.E. 17] is GRANTED in part and DENIED in part, defendant's motion for judgment on the pleadings [D.E. 19] is GRANTED in part and DENIED in part, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This __2__ day of September 2016.

                                      JAMES C. DEVER III
                                      Chief United States District Judge